## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06573-RGK-KS | Date | November 6, 2023 |
|---|---|---|---|
| Title | *Yuri Doering v. CA 1000 North La Brea, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause Re: Right to Jury Trial**

On August 11, 2023, Yuri Doering ("Plaintiff") filed a Complaint against CA 1000 North La Brea, LLC and Black Rush, LLC. (ECF No. 1.) Plaintiff alleged violations of the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act, California's Disabled Persons Act, California Health and Safety Code, and negligence. On August 23, 2023, the Court dismissed each of the state law claims, declining to exercise supplemental jurisdiction over them. (ECF No. 15.) This left only the ADA claim, to which Plaintiff may only receive injunctive relief and attorneys' fees.

On November 6, 2023, the Court held a scheduling conference. Pursuant to the Parties' request for a jury trial, the Court set dates accordingly. However, the Court is not convinced that a jury trial in this matter is warranted. The Seventh Amendment guarantees the right to a jury trial for legal—as opposed to equitable—matters. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). Injunctive relief is generally an equitable remedy. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 505 (1959). Likewise, claims seeking attorneys' fees are equitable in nature. *Finato v. Fink*, 803 Fed. Appx. 84, 89 (9th Cir. 2020).

Although Plaintiff does not appear to be entitled to a jury trial for the traditionally equitable remedies they seek, "any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres*, 359 U.S. at 501 (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)) (internal quotation marks omitted). The Court therefore **ORDERS** the Parties to **show cause in writing** why a jury trial is or is not warranted in this matter. These responses **shall not exceed five (5) pages** and are due within **seven (7) days of this Order's issuance**.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |